IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**GREGORY STEVE WALTERS**                                                       **PLAINTIFF**

**v.**                                          **No. 4:13CV115-M-S**

**PAMELA ROBINSON, ET AL.**                                                **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Gregory Steve Walters, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Walters alleges that the defendants erroneously refused to place him in a Community Work Center, even though he meets the criteria to do so. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Gregory Steve Walters is currently serving a 5-year sentence after having been convicted for fleeing a law enforcement officer. He is approaching the end of his incarceration and would like to serve the remainder of his time at a Community Work Center. He has made such a request several times – and has been turned down several times. The reasons for denial of his request are: (1) his conviction for fleeing law enforcement officers, and (2) his status as a habitual offender. Walters believes Mississippi Department of Corrections officials have incorrectly applied the rules regarding Community Work Center placement and that he qualifies for it.

**Classification**

Inmates have neither a protectable property interest nor a liberty interest in any particular housing assignment or custodial classification, either under the United States Constitution or under

Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). Walters has not alleged any extreme circumstance that would merit judicial intervention. As such, his claim regarding placement in a Community Work Center must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

     **SO ORDERED**, this, the 10th day of December, 2013.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**